## PEPPER v. COPELAND.

### September 8, 1840.

*Rule to show cause why defendant's agreement for a waiver of an inquisition on real estate, and a venditioni exponas should not be quashed.*

A defendant in a *fieri facias,* which is levied on real estate, must be the owner thereof, at the time of the issuing of the writ, to enable him lawfully to agree to waive and dispense with an inquisition. If he enter into such an agreement, not being the owner, the court will set it aside, at the instance of a party interested.

IN this case, in which George Pepper was the plaintiff and Samuel Copeland was the defendant, a rule to show cause why the agreement of defendant for a condemnation and *venditioni exponas* should not be set aside, was granted.

The defendant was discharged under the insolvent laws, by the Court of Common Pleas of Philadelphia county, on the 29th January, 1839.

This action, Pepper *v.* Copeland, was brought to September term, 1839, No. 753, and a judgment obtained for $6437 61.

A *fieri facias* was issued, returnable to the first Monday of August, 1840, and levied on defendant's interest in certain real estate, (*fieri facias,* J. 1840, No. 408.)

[Pepper v. Copeland.]

On the 20th July, 1840, defendant agreed that the premises levied on should be condemned without inquisition.

On the 29th July, 1840, a *venditioni exponas* was issued, returnable on the first Monday of September, 1840, (*venditioni exponas*, S. 1840, No. 12.)

Horatio B. Pennock was a judgment creditor of defendant, as appears by the records of this court, of September term, 1838, No. 131, D. S. B. Under this judgment the interest of defendant, in the same premises levied on as aforesaid by Mr. Pepper, was taken in execution, and regularly sold by the sheriff on the 6th July, 1840.

The sheriff's deed had not yet been acknowledged, when Pennock obtained this rule to show cause.

*I. Norris*, for plaintiff.
*Meredith* and *Mallery*, contra.

Per Curiam.—Copeland, the defendant, ceased to have any interest in the land on his discharge under the insolvent laws. The 45th section of the act of 16th June, 1836, allowing a *defendant* to waive an inquisition, provides that to enable him to do this, he must at the time of the issuing of the execution *be the owner* of the real estate. The agreement was void, and Pennock, who is a judgment creditor, having a lien on the land is entitled to have the proceedings set aside. No question is presented as to what the rights of a purchaser on a sale under such proceedings would be.

Rule absolute.